**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

DAMONTEL HENDRICKS, )
)
       Plaintiff, )
) Cause No. 1:17-CV-412
   vs. )
)
CITY OF GRIFFITH, )
*et al.*, )
)
      Defendants. )

## OPINION AND ORDER

This matter is before the Court on Defendants' Partial Motion to Dismiss, filed by Defendants, Town of Griffith (incorrectly named City of Griffith), Officers Keith Hojnicki, Chris Herrmann, Michael Gauler, Jeffrey Beck, Robert Guiterrez[1], Richard Merschantz, Jacob Schoon, Jeff Gang, Curt Burrow, and Jim Sibley, on December 12, 2017 (DE #22). For the reasons set forth below, the Partial Motion to Dismiss (DE #22) is **GRANTED IN PART** and **DENIED IN PART**. The Partial Motion to Dismiss is **GRANTED** as to: Counts I-III as to Defendant Officers Chris Hermann and Jim Sibley and those claims against Defendants Hermann and Sibley are

---

[1] This defendant's last name is spelled "Guiterrez" in the case caption and the complaint. Later, the parties refer to him in their briefs as "Gutierrez." The Court will use the spelling in the complaint, but notes that both spellings refer to the same defendant.

**DISMISSED WITH PREJUDICE**[2]; Count IV is **DISMISSED WITH PREJUDICE** as to Defendant Officers Keith Hojnicki, Chris Herrmann, Michael Gauler, Jeffrey Beck, Robert Guiterrez, Richard Merschantz, Jacob Schoon, Jeff Gang, Curt Burrow, and Jim Sibley **IN THEIR INDIVIDUAL CAPACITY**[3]; and Count V is **DISMISSED WITH PREJUDICE** in its entirety. The Partial Motion to Dismiss is **DENIED** as to Counts I-III against Defendant Officer Robert Guiterrez and those claims remain pending against Officer Guiterrez. Additionally, the Partial Motion to Dismiss is **DENIED AS MOOT** as to a *Monell* claim against the Town of Griffith, since that claim was not pled in the complaint.

BACKGROUND

Plaintiff, Damontel Hendricks, claims that officers of the Griffith Police Department used excessive force in arresting him and committed a false arrest on October 16, 2015. Hendricks has sued the City of Griffith, and Officers Keith Hojnicki, Chris Herrmann, Michael Gauler, Jeffrey Beck, Robert Guiterrez, Richard Merschantz, Jacob Schoon, Jeff Gang, Curt Burrow, and Jim Sibley "individually and as [] agents." (DE #1 at 1.)

The complaint alleges federal violations of 42 U.S.C. § 1983

---

[2] Counts I-III remain pending against the other officer defendants.

[3] Count IV remains pending against the Town of Griffith based upon the claims against the officers in their official capacity.

for excessive force (Count I); false arrest (Count II), and failure to intervene (Count III). The complaint also alleges Indiana state law claims for false arrest (Count IV); and assault and battery (Counts V and VI).

On December 12, 2017, the Defendants filed the instant partial motion to dismiss (DE #22) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants request: dismissal of the federal individual capacity claims against Officer Hermann, Officer Guiterrez and Officer Sibley in Counts I-III due to lack of personal involvement; dismissal of Counts IV and V as to all named officers in their individual capacities based upon the Indiana Tort Claims Act, I.C. §34-13-3-5; and to the extent Hendricks is seeking any Section 1983 claims against the Town of Griffith, dismissal under the *Monell* doctrine.

Hendricks filed a response on January 22, 2018 (DE #31). Hendricks argues that it has adequately pled that the officers were involved in the false arrest and use of excessive force, that Defendants are not afforded immunity under the Indiana Tort Claims Act for the claims of false arrest and assault and battery, and that Plaintiff did not plead a *Monell* count or a section 1983 claim against the Town of Griffith.

Defendants filed a reply on January 30, 2018 (DE #32). Consequently, the motion is fully briefed and ready for adjudication.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations other than fraud and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79. This includes legal conclusions couched as factual allegations, as well as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Facts

4

Hendricks alleges that on October 16, 2015, at approximately 4:00 p.m., he left a friend's house located on North Wood Street, Griffith, Indiana. (Compl. at ¶ 14.) Upon arriving at his car, Hendricks learned the battery was dead. (*Id.* at ¶ 15.) While Hendricks waited for help, Mr. Dillon entered the car and sat in the back seat, and Mr. Richards entered the car and sat in the front passenger seat. (*Id.* at ¶¶ 16-17.) Richards brought a large clear bag of marijuana and, upon information and belief, a bottle of Alprazolam (commonly known as Xanex) into the car, and put the marijuana on the floor. (*Id.* at ¶¶ 19, 21.) Hendricks had no prior knowledge that Richards or Dillon used marijuana or that they were planning to enter his car while in the possession of marijuana. (*Id.* at ¶ 56.)

At about 4:11 p.m., two patrol cars pulled up in front and behind of Hendricks' vehicle, with overhead lights flashing. (*Id.* at ¶ 22.) Shortly thereafter, five to six additional patrol vehicles arrived at the scene. (*Id.* at ¶ 30.) There were approximately eight to ten officers present at the scene. *Id.*

Officer Hojnicki approached the car, and asked all of the passengers in the car for identification, including Hendricks. (*Id.* at ¶¶ 23-25.) Plaintiff claims that he gave Officer Hojnicki a permit by mistake at first, but then complied and gave Hojnicki his license. (*Id.* at ¶¶ 26-28.)

Officer Hojnicki then informed Hendricks that he was being

placed under arrest. (*Id.* at ¶ 29.) Hendricks asked Officer Hojnicki why he was under arrest, and was informed that he was being arrested for marijuana possession. (*Id.* at ¶ 31.) Richards told Officer Hojnicki that the drugs and paraphernalia were his, but Officer Hojnicki ignored the information and arrested Plaintiff. (*Id.* at ¶ 32.)

Officer Hojnicki told Hendricks, "If you don't get out of the car in ten seconds, I'm going to have to use brutal force." (*Id.* at ¶ 36.) Despite being afraid for his life, Hendricks began to exit the vehicle. (*Id.* at ¶¶ 34-37.) Officer Hojnicki did not allow Hendricks to fully exit the car before grabbing him and throwing him to the ground, then he handcuffed and kicked Plaintiff. (*Id.* at ¶¶ 38, 39.)

Then, Hendricks alleges that Officer Hojnicki dragged him behind the patrol car so he would be out of sight from the patrol car camera, and continued to kick Hendricks while he lay on the ground. (*Id.* at ¶¶ 40, 41.) An officer at the scene, including but not limited to, Hermann, Gauler, Beck, Guiterrez, Merschantz, Schoon, Gang, Burrow, and Sibley, Hojnicki, Merschantz, or Beck, allegedly told Officer Hojnicki to "Do it behind the car." (*Id.* at ¶ 43.) Officer Hojnicki pushed his forearm into Hendricks' throat, strangling him. (*Id.* at ¶ 42.)

Additionally, Hendricks alleges that Officer Beck tazed him twice, once in the back and once in the leg. (*Id.* at ¶ 45.)

6

Officer Merschantz also pepper sprayed Hendricks. (*Id.* at ¶ 46.) Hendricks contends that Officers Hojnicki, Herrmann, Gauler, Beck, Guiterrez, Merschantz, Schoon, Gang, Burrow and Sibley all proceeded to use excessive force, causing him significant injury. (*Id.* at ¶ 47.)

Hendricks claims that at no point during the incident did he resist arrest, and that even though a box cutter was later removed from his person, he did not reach for or threaten any officer with the box cutter. (*Id.* at ¶¶ 48-51.) Hendricks alleges that he was not frisked or searched before the alleged assault occurred. (*Id.* at ¶ 52.) He also asserts that his Miranda rights were not read to him at any point during the incident. (*Id.* at ¶ 54.)

Hendricks alleges that he was taken to Community Hospital in Munster, Indiana, via ambulance. (*Id.* at ¶ 59.) There, he was admitted to the Neuro IMCU and diagnosed with a head injury, facial contusion, and right orbital fracture. (*Id.* at ¶ 61.) As a result of the incident, Hendricks claims he now suffers from PTSD, vision problems, difficulty participating in society, arm and wrist injuries, difficulty walking, difficulty participating in physical activity, migraines, headaches, a traumatic brain injury, major anxiety and suicidal thoughts. (*Id.* at ¶ 70.)

All criminal charges against Plaintiff relating to the events of October 16, 2015, were dismissed on November 15, 2016. (*Id.* at ¶ 69.)

Counts I-III

Hendricks' Complaint states federal claims under section 1983 against all the individual officer defendants in Count I (excessive force), Count II (false arrest), and Count III (failure to intervene).  Although each count lists the names of each defendant officer, it does not specifically refer to the actions/inactions of each individual officer - all ten are lumped together.

Defendants move to dismiss the claims against Defendant Officers Herrmann, Guiterrez, and Sibley due to their lack of personal involvement in the alleged deprivations.  Hendricks does not address the arguments regarding Officers Hermann and Sibley in his memorandum in opposition; therefore, he has waived any argument that these claims are valid.  *See Haywood v. Novartis Pharms*. Corp., No. 2:15-CV-373, 2016 WL 5394462, at *5 (N.D. Ind. Sept. 27, 2016)(finding failure to respond to an argument in a motion to dismiss results in waiver); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).  Therefore, the claims against Officers Hermann and Sibley are dismissed.

Next, the Court must address the claims against Officer Guiterrez.  An individual may bring a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" under 42 U.S.C. § 1983. *Padula v. Leimbach*, 740 F.Supp.2d 980, 987 (N.D. Ind. 2010). Liability under Section 1983 attaches if the defendant "personally participated in or

8

directly caused the deprivation of his or her rights." *Id.* at 988. If a section 1983 claim involves multiple defendants, the plaintiff must demonstrate that each individual defendant violated his or her constitutional rights. *Higdon v. Wells Cnty. Sheriff's Office*, 426 F.Supp.2d 854, 863 (N.D. Ind. 2006). Allegations of actual knowledge or acquiescence, personal direction, or acting or failing "to act with a deliberate or reckless disregard of the plaintiff's constitutional rights" demonstrate the personal involvement requirement for liability. *Id.* (quotation omitted). Additionally, if an officer had a realistic opportunity to stop another officer from violating a plaintiff's rights and fails to do so, such failure creates liability for the officer who failed to intervene. *Id.*

Defendants argue, without citing to anything in the complaint or any other evidence, that Officer Guiterrez was not personally involved in the alleged constitutional deprivations because he arrived at the scene after Hendricks was already secured in handcuffs. Generally, a motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *see* Fed. R. Civ. P. 10(c). Even if the Court were to consider this information, just because Officer Guiterrez arrived after Hendricks

9

was in handcuffs does not automatically mean that Officer Guiterrez did not commit any excessive force himself or have the opportunity to intervene in the use of excessive force by other officers. The complaint alleges that after Hendricks was handcuffed, he was taken behind the patrol car and kicked, beaten, tazed, pepper sprayed, and falsely arrested. (Compl. ¶¶ 39-47.)

"A plaintiff, however, has much more flexibility in opposing a Rule 12(b)(6) motion and in appealing a dismissal . . . a party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." *Geinosky*, 675 F.3d at 745 n.1; *see also Early v. Bankers Life and Cas. Co.,* 959 F.2d 75, 78-9 (7th Cir. 1992) (reversing dismissal finding plaintiff is free to assert new facts in brief opposing motion to dismiss); *Roe v. Bridgestone Corp.*, 492 F.Supp.2d 988, 1007 (S.D. Ind. 2007) ("Such documents are not evidence, but they provide a way for a plaintiff to show a court that there is likely to be some evidentiary weight behind the pleadings the court must evaluate.").

In fact, the Seventh Circuit suggested that in light of *Iqbal* and *Twombly*, it might actually be "prudent" for a plaintiff to assert new facts in opposition to a motion to dismiss for illustrative purposes. *Geinosky,* 675 F.3d at 745 n.1. Additionally, it is recognized that a "complaint may not be dismissed unless it is impossible to prevail under any set of facts

10

that could be proved consistent with the allegations . . . That is why we have held that a plaintiff may supplement the complaint with factual narration in an affidavit or brief." *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) (citations omitted).

In this case, Hendricks claims he "has a good faith basis, based on his investigation, review of FOIA materials, and the actual event he witnessed, to believe that Defendant Officer Guiterrez responded to the scene of the subject incident before the Defendant Officers ceased using excessive force against him and, in fact, was complicit in the use of excessive force and/or used such force himself." (DE #31 at 5.) Moreover, the complaint alleges that Officer Guiterrez was present when one of the officers told Officer Hojnicki to "Do it behind the car," that Guiterrez was present when the officers kicked, hit, and assaulted him, and that Guiterrez used excessive force causing Hendricks injury. (DE #1 at ¶¶ 43-47.) "Police officers may be liable where they have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights by using excessive force but fail to do so." *Edwards v. Two Unknown Male Chicago Police Officers*, 2007 WL 671067, at *2 (S.D. Ind. 2007); *see also Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). In this case, Hendricks has sufficiently pled allegations against Officer Guiterrez that he was involved in the false arrest and excessive force/failure to intervene. Based upon the allegations in the complaint and the

11

facts Hendricks intends to set forth in this case, this Court cannot say that it "is impossible to prevail under any set of facts that could be proved consistent with the allegations." *Albiero*, 122 F.3d at 419 (quotation omitted).

Defendants cite *Kim v. Barnes*, No. 1:05-cv-1616-SEB-JMS, 2007 WL 671067, at *3-4 (S.D. Ind. Feb. 28, 2007), and *Edwards v. Two Unknown Male Chicago Police Officers*, 623 F.Supp.2d 940, 950 (N.D. Ill. 2009), for the proposition that an officer cannot be held liable for the arrest and excessive force if they arrive after the suspect is handcuffed. (DE #23 at 7.) However, these cases are easily distinguishable. *Kim* was decided on summary judgment (not at the motion to dismiss stage like this case), and there was evidence in the record that "after Kim was in handcuffs, [the defendant officer] arrived on the scene." *Kim*, 2007 WL 671067, at *3. The officer in *Kim* did not touch the plaintiff, and did not observe any other police officer mistreat the plaintiff during or after her arrest. *Id.* Similarly, in *Edwards*, summary judgment was granted for certain officers at the summary judgment stage on a failure to intervene claim where the plaintiff failed to present any evidence about what the officers were doing or what they saw, and there was no evidence showing the officers knew that excessive force was being used or had a realistic opportunity to intervene to prevent it. *Edwards*, 623 F.Supp.2d at 950. These cases lie in sharp contrast to the situation here - at the dismissal stage,

where Hendricks has alleged that Officer Guiterrez witnessed and used excessive force, and that he was present for the continuing excessive force and false arrest that occurred after Hendricks was placed into handcuffs and he allegedly failed to intervene. Consequently, the motion to dismiss Officer Guiterrez is denied.

Counts IV and V

Defendants argue the state law claims against the ten defendant officers in their individual capacities in Count IV (false arrest) and Count V (assault and battery) should be dismissed because the Indiana Tort Claims Act ("ITCA"), § 34-13-3-5, affords immunity to the defendant officers in their individual capacities against the state law claims.

The complaint alleges that at all relevant times, the defendant officers were "employed by the Defendant City of Griffith" and that at all relevant times "they were acting under color of law and in the course of their employment as Griffith Police Officers." (DE #1 at ¶ 12.) Section 34-13-3-5(b) provides in pertinent part that, "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). In other words, a plaintiff cannot "sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of

13

employment." *Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003).

As to Count IV, Plaintiff has brought a false arrest claim under Indiana state law against all of the individual officers and the Town of Griffith. Because the complaint alleges that the officers were operating under the color of law and in the course of employment, the officers cannot be personally liable for false arrest, and the Town of Griffith should be the sole defendant on the state law claim of false arrest under respondeat superior. *See City of Fort Wayne v. Moore*, 706 N.E.2d 604, 607 (Ind. Ct. App. 1999) ("Under the doctrine of respondeat superior, an employer is liable for the acts of its employees which were committed within the course and scope of their employment.").

In response, Plaintiff argues that section 34-13-3-3(8) establishes that the officers can be liable for "false arrest or false imprisonment." Ind. Code. § 34-13-3-3(8); *see* DE #31 at 7. However, as Defendants make clear in their reply, they are not arguing that the official capacity claims should be dismissed; rather, they move for dismissal of the false arrest claim as to the ten defendant officers "in their *individual* capacities." (DE #32 at 4 (emphasis in original).) This Court agrees that section 34-13-3-5(b) provides immunity to governmental employees that are acting in the scope of their employment from liability in their individual capacities, thus the only proper defendant in Count IV

is the Town of Griffith (due to the potential liability from the alleged wrongful actions of the officers in their official capacities). As the Court thoroughly explained in *Ashcraft v. City of Crown Point, Indiana*, No. 2:13-CV-080-JD, 2013 WL 5934612, at *7 (N.D. Ind. Nov. 5, 2013):

> As to the claims against the Officer Defendants individually, the Tort Claims Act states, "A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). The Indiana Supreme Court has construed this provision as meaning that "a plaintiff may not now sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of employment." Thus, where a plaintiff alleges that an employee acted within the scope of employment, this provision "provides an immediate and early indication that the employee is not personally liable. In the paraphrased words of the statute, the action against the employee is 'bar[red].'" *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003) (alteration in original). The court therefore noted that "if the complaint alleges that a government employee acted within the scope of employment, then a motion to dismiss under Trial Rule 12(B)(6) [Indiana's analogue to Federal Rule of Civil Procedure 12(b)(6)] would be the appropriate course of action." *Id.* at 472 n.4.

*See also McAllister v. Town of Burns Harbor*, 693 F.Supp.2d 815, 822 (N.D. Ind. 2010) (finding state law claims barred against officer in his individual capacity where the complaint alleges he was acting within the course of his employment).

Therefore, dismissal of the defendant officers in their individual capacities in Count IV is warranted. The Town of

15

Griffith will remain as the only Defendant in Count IV.

In Count V, Plaintiff brings Indiana state law claims of assault and battery against the ten defendant officers, in their individual and official capacities. Plaintiff argues that false arrest and false imprisonment are not entitled to immunity. However, a case cited in Plaintiff's brief demonstrates the contrary for this factual situation. In *Hendricks v. New Albany Police Dep't*, 749 F.Supp.2d 863 (S.D. Ind. 2010), the Court denied summary judgment as to the institution (New Albany Police Department), for state claims for false arrest and false imprisonment, finding that the municipality was not entitled to immunity on the claims of false arrest and imprisonment. *Id*. at 872. Yet, for the state claims against the individual officer, the Court recognized that the ITCA prohibits tort suits against government employees *personally* for conduct within their scope of employment, and granted summary judgment as to the state law claims against the defendant officer individually. *Id.* at 869; *see also Baxter v. Marion Cnty. Sheriff*, No. IP 00-1254-C-M/S, 2002 WL 392818, at *10 (S.D. Ind. Feb. 19, 2002) ("The officers are correct, however, that the state law battery claim may only be pursued against the Sheriff's Department, and not against [the officers] individually."). Consequently, dismissal of Count V in its entirety is warranted.

Finally, although the complaint does not assert any federal

claims against the Town of Griffith, Defendants, in an abundance of caution, devote a section of the motion to dismiss to *Monell* liability. It is well settled that there is no respondeat superior liability under *Monell*; rather, municipalities are only liable "when execution of a government's policy or custom . . . inflicts the injury." *Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658, 694 (1978). The complaint does not make any such allegations, and Plaintiff confirms that the "Complaint at Law does not allege a *Monell* claim[] against the Defendant Town of Griffith." (DE #31 at 9.) As such, Defendants' motion to dismiss any section 1983 claims against the Town of Griffith is denied as moot.

CONCLUSION

For the reasons set forth above, the Partial Motion to Dismiss (DE #22) is **GRANTED IN PART** and **DENIED IN PART**. The Partial Motion to Dismiss is **GRANTED** as to: Counts I-III as to Defendant Officers Chris Hermann and Jim Sibley and those claims against Defendants Hermann and Sibley are **DISMISSED WITH PREJUDICE**; Count IV is **DISMISSED WITH PREJUDICE** as to Defendant Officers Keith Hojnicki, Chris Herrmann, Michael Gauler, Jeffrey Beck, Robert Guiterrez, Richard Merschantz, Jacob Schoon, Jeff Gang, Curt Burrow, and Jim Sibley **IN THEIR INDIVIDUAL CAPACITY**; and Count V is **DISMISSED WITH PREJUDICE** in its entirety. The Partial Motion to Dismiss is **DENIED**

17

as to Counts I-III against Defendant Officer Robert Guiterrez and those claims remain pending against Officer Guiterrez. Additionally, the Partial Motion to Dismiss is **DENIED AS MOOT** as to a *Monell* claim against the Town of Griffith, since that claim was not pled in the complaint.

**DATED: March 21, 2018**             /s/ RUDY LOZANO, Judge
                                      **United States District Court**